**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| COLBY BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-89-D |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) [Doc. No. 26]. The EAJA permits an award of attorney's fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff sought review of Defendant's decision to deny Plaintiff disability insurance benefits and supplemental security income. The Court reversed Defendant's decision and remanded the matter for further proceedings [Doc. Nos. 24, 25]. Defendant does not dispute that Plaintiff is a "prevailing party" within the meaning of the EAJA and is thus entitled to an award of reasonable attorney's fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $9,741.00 for 37.80 hours of counsel's time for the services performed in this case. [Doc. No. 26]. Plaintiff's counsel has submitted documentation reflecting the work performed and the time incurred for the services rendered. [Doc. Nos. 26-1]. Defendant does not oppose Plaintiff's request for an award of $9,741.00 for attorney's fees and expenses pursuant to the EAJA. [Doc. No. 27]. Defendant

1

further asserts that payment must be made directly to Plaintiff as the prevailing party in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 595-98 (2010) and *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007). Furthermore, Defendant asserts that if Plaintiff's counsel is ultimately granted attorney's fees pursuant to 42 U.S.C. § 406(b), counsel must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

The Court has reviewed the documentation submitted by Plaintiff and finds that the fee of $9,741.00 is supported by the documentation. Further, the Court finds that the requested amount represents a fair and reasonable fee for the work performed by Plaintiff's counsel in this case.

Accordingly, Plaintiff's Motion [Doc. No. 26] is **GRANTED**. An EAJA attorney fee award in the amount of $9,741.00 is approved. Defendant is ordered to pay that amount directly to Plaintiff, in accordance with the requirements of the EAJA and the Tenth Circuit Court of Appeals, and may do so by forwarding the amount to Plaintiff in care of his attorney. Further, if additional legal fees are awarded pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is ordered to refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 6th day of May, 2026.

 

 

 

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

3